[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

No. 10-13015
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00011-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RIGOBERTO TORRES-MALDONADO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 28, 2011)

Before EDMONDSON, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Rigoberto Torres-Maldonado appeals his 108-month sentence for illegally re-entering the United States after having been deported as an aggravated felon, 8 U.S.C. § 1326(a)(2) and (b)(2).  No reversible error has been shown; we affirm.

Based on his criminal record, Torres-Maldonado was assigned the maximum criminal history category of VI,[1] which -- combined with his total offense level of 17 -- yielded an advisory guidelines range of 51 to 63 months' imprisonment. The district court concluded, however, that this criminal history category did not accurately reflect the seriousness of Torres-Maldonado's criminal history, or the likelihood that he would commit other crimes, and that an upward departure under U.S.S.G. § 4A1.3 was warranted. In particular, the court noted that Torres-Maldonado had illegally entered the United States at least six times -- twice after being convicted for illegal re-entry -- had repeatedly ignored administrative orders prohibiting him from re-entering the country without permission, and had been convicted for eight other crimes: including burglary, the sale of cocaine, criminal trespass, criminal possession of stolen property, resisting arrest, and attempted petty larceny. Pursuant to section 4A1.3, the sentencing court determined that a 6-step increase in offense level was appropriate, yielding an advisory guidelines range of 92 to 115 months' imprisonment.[2] The court then sentenced Torres-Maldonado to 108 months' imprisonment.

[1]A defendant is assigned a criminal history category of VI when he has 13 or more criminal history points. Torres-Maldonado had 17 criminal history points.

[2]Torres-Maldonado does not challenge the upward departure itself, or the manner in which it was calculated.

On appeal, Torres-Maldonado argues that his sentence procedurally is unreasonable because the district court failed to verify that he had been afforded an opportunity to read and to discuss his Presentence Investigation Report ("PSI") with his lawyer, pursuant to Fed.R.Crim.P. 32(i)(1)(A). Because Torres-Maldonado did not object to this alleged error -- and concedes that plain error review is appropriate -- we review this issue only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

Even if we assume that the district court plainly erred when it failed to ask whether Torres-Maldonado had read the PSI and discussed it with his lawyer, Torres-Maldonado did not establish that the error affected his substantial rights. See United States v. Curtis, 400 F.3d 1334, 1336 (11th Cir. 2005) (concluding that, to demonstrate plain error, a defendant bears the burden to show that the error affected his substantial rights, meaning that it affected the outcome of the proceedings below). Torres-Maldonado argues that Rule 32 serves as an important safeguard because, once a defendant fails to object to factual errors in the PSI, he waives the error: those facts are deemed admitted. Of importance, he does not contend, however, that he actually was deprived of the opportunity to read the PSI and discuss it with his lawyer before sentencing or that the PSI actually contained factual errors that should have been corrected. As a result, he

3

failed to demonstrate that the court's error affected the outcome of the proceedings.

Torres-Maldonado also argues that his sentence procedurally is unreasonable because the district court failed to consider his mitigating evidence or to explain adequately its reasons for imposing its sentence. We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. Gall v. United States, 128 S.Ct. 586, 591 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence may be procedurally unreasonable if the district court fails to consider the factors set forth in section 3553(a) or to explain adequately the chosen sentence.[3] United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). The district court, however, is not required to discuss or state each factor explicitly. Id. at 1324.

The record shows that the district court considered Torres-Maldonado's mitigating evidence, including his assertions that he left his home country of

---

[3]Briefly stated, a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, the defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution. See 18 U.S.C. § 3553(a)(1)-(7).

Honduras because he feared for his life and that he suffers from posttraumatic stress disorder, depression, and drug addiction. The court found these arguments unpersuasive, however, in the light of Torres-Maldonado's extensive criminal history. After considering Torres-Maldonado's arguments, the court expressly stated that it considered the advisory sentencing guidelines and the other section 3553(a) factors in determining Torres-Maldonado's sentence. This explanation was sufficient to satisfy the court's procedural requirements. See Talley, 431 F.3d at 786 (explaining that acknowledgment by the district court that it had considered the parties' arguments and the section 3553(a) factors is sufficient rationale). In addition, although the court was not required to discuss each of the section 3553(a) factors individually, it specifically discussed Torres-Maldonado's criminal history, which was relevant to his history and characteristics, and the need to promote respect for the law, afford adequate deterrence, and protect the public from further crimes. As a result, we conclude that Torres-Maldonado's sentence procedurally is reasonable.

Torres-Maldonado also argues that his sentence substantively is unreasonable because the court failed to consider properly the section 3553(a) factors and placed disproportionate weight on his criminal history. The weight to be given a particular section 3553(a) factor is left to the sound discretion of the

district court. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We are not convinced that the district court committed a clear error of judgment in weighing the relevant statutory factors. Although Torres-Maldonado presented mitigating evidence about his personal history and characteristics, it was within the district court's discretion to weigh this evidence against other factors, such as his criminal history. While the district court's explanation placed particular stress on Torres-Maldonado's criminal history, that history -- as described above -- was relevant to several of the section 3553(a) factors. Thus, the court did not "focus single-mindedly" on one section 3553(a) factor to the detriment of the others. See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that a sentence was unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors"). Moreover, because the court imposed an upward departure under section 4A1.3, it was required to specify its reasons for

6

concluding that the criminal history category was insufficient. Thus, its focus on Torres-Maldonado's criminal history was not only within its discretion, but mandatory.

AFFIRMED.